<pre>Case 2:21-cr-00580-MWF   Document 44   Filed 03/13/24   Page 1 of 6   Page ID #:156</pre>

E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
KERRY L. QUINN (Cal. Bar No. 302954)
Assistant United States Attorney
Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-5423
     Facsimile: (213) 894-6269
     E-mail:    Kerry.L.Quinn@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:21-CR-580-MWF |
|---|---|
| Plaintiff, | STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT |
| v. | |
| ABDUL-MALIK MCCLAIN, | |
| Defendant. | **[PROPOSED] TRIAL DATE:** 07-23-2024<br>**PRETRIAL CONFERENCE:** 07-15-2024 |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Kerry L. Quinn, and defendant Abdul-Malik McClain ("defendant"), both individually and by and through his counsel of record, Justin A. Palmer, Esq., hereby stipulate as follows:

1.   The Indictment in this case was filed on December 16, 2021, and made public on December 20, 2021.  Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on December 20, 2021.  The Speedy Trial Act, 18

U.S.C. § 3161, originally required that the trial commence on or before February 28, 2022.

2. On December 20, 2021, the Court set a trial date of February 15, 2022.

3. Defendant is released on bond pending trial. The parties estimate that the trial in this matter will last approximately 4-5 days.

4. The Court has previously continued the trial date in this case from February 15, 2022, to April 30, 2024, and found the interim period to be excluded in computing the time within which the trial must commence, pursuant to the Speedy Trial Act.

5. Defendant is requesting a further continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

    a. Defendant is charged with ten counts of mail fraud in violation of 18 U.S.C. § 1341 and two counts of aggravated identity theft in violation of 18 U.S.C. § 1028A. The government has produced discovery to the defense, including approximately 45,000 pages of documents (some of which constitute recordings and other electronic files, which are themselves voluminous, with the entire production comprising approximately 11 Gigabytes of data). The discovery in the case includes, among other documents and records: agent reports, bank records, criminal history reports, search warrant documents, records from the California Employment Development Department, and documents from internet service providers (ISPs). The government will produce additional discovery as necessary in accordance with its discovery obligations.

   b. On December 20, 2022, defendant's current counsel substituted in as counsel of record.  Defense counsel is still reviewing the discovery and conducting his own investigation.  Defense counsel has other active matters preventing full preparation of this matter on the current schedule, including the following:

    i. March 10-11, 2024: <u>Diaz v. Elizarraras</u>, 2:21-cv-01944-CKD (E.D. Cal.), Depositions

    ii. March 18-20, 2024: <u>Pacheco v. Toor, et al.</u>, 23LBCV00868 (Cal. Sup. Ct. Los Angeles County), Depositions

    iii. March 25-29, 2024: <u>Glazier v. County of Los Angeles, et al.</u>, 2:20-cv-00924-SSS-RAO (C.D. Cal.), Jury Trial

    iv. April 8, 2024: <u>Duclos v. Elie</u>, 22STCV33581, (Cal. Sup. Ct. Los Angeles County), Hearing on Motion for Summary Judgment

    v. April 19-20, 2024: State Bar of California Commission on Judicial Nominations and Evaluation Commitment;

    vi. May 13, 2024: <u>Robinson v. City of Burbank, et al.</u>, 2:23-cv-01711-JAK-AS (C.D. Cal.), Post Mediation Status Conference;

    vii. June 2, 2024; <u>Duclos v. Elie</u>, 22STCV33581 (Cal. Sup. Ct. Los Angeles County), Jury Trial

    viii. June 27, 2024: <u>Saldana v. Passwaters</u>, 2:18-cv-00319-DJC-AC (E.D. Cal.), Pretrial conference

    ix. August 8, 2024: <u>Smith v. County of Los Angeles</u>, 5:21-cv-00290-MEMF-SHK (C.D. Cal.), Jury Trial

    x. August 19, 2024: <u>Saldana v. Passwaters</u>, 2:18-cv-00319-DJC-AC (E.D. Cal.), Jury Trial

  c. In light of the foregoing, defense counsel also represents that additional time is necessary to confer with defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur.  Defense counsel represents that failure to grant the continuance would deny him reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

  d. Defendant believes that failure to grant the continuance will deny him continuity of counsel and adequate representation.

  e. The government does not object to the continuance.

  f. The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the government to obtain available witnesses.

 6. For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of April 30, 2024, to July 23, 2024, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i) and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure

4

to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and iii failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

7. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

03/12/2024           /s/ Kerry L. Quinn
DATE                 KERRY L. QUINN
                     Assistant United States Attorney
                     Attorneys for Plaintiff
                     United States of America

I, AUSA Kerry L. Quinn, as the filer of this document do hereby attest that the other signatory listed, and on whose behalf the filing is submitted, Justin Palmer, Esq., concurs in the filing's content and has authorized the filing.

03/12/2024           /s/ by email permission
DATE                 JUSTIN PALMER, ESQ.
                     Attorney for Defendant
                     ABDUL-MALIK MCCLAIN

Case 2:21-cr-00580-MWF   Document 44   Filed 03/13/24   Page 6 of 6   Page ID #:161

I am ABDUL-MALIK MCCLAIN's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than July 23, 2024, is an informed and voluntary one.

_____        _____
JUSTIN PALMER, ESQ.                     Date
Attorney for Defendant
ABDUL-MALIK MCCLAIN

I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date and give up my right to be brought to trial earlier than July 23, 2024. I understand that I will be ordered to appear in Courtroom 5A of the Federal Courthouse, 350 W. 1st Street, Los Angeles, California on July 23, 2024, at 8:30 am.

_____        _____
ABDUL-MALIK MCCLAIN                     Date
Defendant

6